UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| TERRY G. WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:16-CV-59 JMB |
| | ) | |
| GEORGE LOMBARDI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $54, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b).

### **Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff brings this action against George Lombardi, the Director of the Missouri Department of Corrections, and the Missouri Board of Probation and Parole. On February 29, 2012, a jury convicted plaintiff on several counts of statutory rape, statutory sodomy, and incest. *Missouri v. Watson*, No. 10JE-CR03225-01 (Jefferson County). To be eligible for conditional release, the Missouri Department of Corrections requires him to complete the Missouri Sexual Offender Program ("MOSOP"). Plaintiff refuses to do so because it requires him to admit to the sexual offenses, which he believes violates his right against self-incrimination. He argues that the denial of conditional release violates his rights under the Fifth and Fourteenth Amendments.

**Discussion**

"A prison clinical rehabilitation program, which is acknowledged to bear a rational relation to a legitimate penological objective, does not violate the privilege against self-incrimination if the adverse consequences an inmate faces for not participating are related to the program objectives and do not constitute atypical and significant hardships in relation to the ordinary incidents of prison life." *McKune v. Lile*, 536 U.S. 24, 37-38 (2002). The Missouri courts have consistently held that completion of MOSOP "furthers the legitimate penological objective of rehabilitating sex offenders and reducing their risk of recidivism." *Spencer v. Missouri*, 334 S.W.3d 559, 572 (Mo. Ct. App. 2010). Failure to comply with the requirements of MOSOP does not extend a sex offender's sentence. It is only one of the requirements to be

eligible for conditional release. However, plaintiff does not have a liberty interest in parole. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); *Dace v. Mickelson*, 816 F.2d 1277, 1280-81 (8th Cir. 1987). As a result, plaintiff's allegations fail to state a claim upon which relief can be granted, and this action must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $54 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time [ECF No. 5] is **MOOT**.

An Order of Dismissal will be filed separately.

Dated this 15th day of September, 2016.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).